### In re STANDOW.

(District Court, W. D. Pennsylvania. September, 1924.)

#### No. 11604.

Bankruptcy ⬅⇒217(3)—Creditor enjoined from selling property on execution.

A creditor, whose debtors sold their property to bankrupt in violation of Pennsylvania Bulk Sales Act May 23, 1919 (P. L. Pa. 262; Pa. St. 1920, §§ 784–791), and which, as authorized by that act, brought suit and obtained a judgment against bankrupt, by such election became a creditor of bankrupt, with no greater right in the property than his other creditors, and will not be allowed to secure a performance by selling it on execution to satisfy its judgment.

In Bankruptcy. In the matter of Carl Standow, trading as the Suburban Baking Company, bankrupt. On petition for injunction to restrain sale on execution. Granted.

H. I. Miller, of Pittsburgh, Pa., for receiver.

S. Leo Ruslander and George K. Warn, both of Pittsburgh, Pa., for Washburn-Crosby Co.

GIBSON, District Judge. On August 26, 1924, a temporary restraining order was granted whereby an execution issued by Washburn-Crosby Company was stayed, pending hearing on September 2, 1924. Prior to hearing, the Washburn-Crosby Company filed an answer to the petition for an in-

junction to restrain the sale upon execution, wherein it set forth that prior to April 12, 1924, Clyde M. Keiser and Harvey Maiers, as partners, operated a baking business under the name of the Suburban Baking Company, and had incurred an indebtedness to the respondent of some $677.50; that on April 12, 1924, the bankrupt purchased in bulk the merchandise, fixtures, etc., of the said Keiser and Maiers, without complying with the requirements of the Pennsylvania Bulk Sales Act approved May 23, 1919 (P. L. 262; Pa. St. 1920, §§ 784–791), and that consequently said sale was fraudulent and void; that respondent, pursuant to powers conferred by said Bulk Sales Act, brought suit against the bankrupt, and recovered a judgment for $627.50, and, pursuant to said judgment, execution was issued; and that said execution was restrained and enjoined by the temporary order of August 26, 1924, and is sought to be enjoined permanently on behalf of the bankrupt estate. Respondent alleges that, under the facts stated, the bankrupt had no title whatsoever to the goods and wares levied upon, as such articles were part of the goods, wares, and fixtures transferred from Keiser and Maiers to the bankrupt, pursuant to the fraudulent and void sale above mentioned, and prays that the petition for injunction and restraining order be dismissed, and that the restraining order heretofore made be discharged.

The statement of facts alleged in the answer of the Washburn-Crosby Company has not been controverted by any replication or testimony to the contrary, and must be accepted as true. Upon hearing, the respondent offered in evidence the record in the county court of Allegheny county upon which the execution is founded. That record discloses the fact that the Washburn-Crosby Company, by its writ of fi. fa., took possession of the goods in question as the property of the bankrupt, after recovering judgment against him to the extent of its claim for the value of the goods transferred in violation of the provisions of the Bulk Sales Act. In the instant matter, it takes what seems to be a contradictory position, by praying the dismissal of the restraining order on the ground that bankrupt took no title to the goods in question.

We are of opinion that the injunction and restraining order should be continued under all the facts as they have been adduced before us. It is true the Bulk Sales Act of Pennsylvania declares such a sale as was here made to be fraudulent and void. But it is void only to the extent that creditors of

the vendor are concerned. As between the vendor and the vendee, such a sale may be entirely valid. We do not, in the present matter, have a creditor of the vendors, as such, seeking to subject the articles under levy to execution upon a judgment against the vendors, but a creditor of the vendee seeking execution upon a judgment against the vendee. We are not required at this time to decide whether or not the respondent has exhausted its remedies by an election to proceed against the vendee by judgment and execution against the goods transferred by the void sale as the goods of the vendee. If it have further claim against the goods, such claim may be asserted by proper judgment execution or attachment upon its claim against the vendors. In the present proceeding the respondent is merely a judgment creditor of the bankrupt, and to allow it to proceed with its execution might enable it to obtain an advantage over other creditors of equal standing, or to deprive general creditors of the bankrupt of an equity in the goods over and above the amount of the claim of the respondent.

The injunction will issue as prayed for.